UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MELISSA FLORES

                Plaintiff,

       vs.                                                **COMPLAINT**

THE CITY OF NEW YORK, a municipal entity,
POLICE OFFICERS JOHN DOE and RICHARD ROE
(names and number of whom are unknown at present),
and other unidentified members of the New York City
Police Department, New York City Police Supervisors
and Commanders RICHARD ROEs 1-50,

                                                                            **JURY TRIAL**
                                                                            **DEMANDED**

                Defendants
----------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

1.      This is a civil rights action in which the Plaintiff, MELISSA FLORES, seeks relief for the violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983 and by the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff was falsely arrested by the Defendants, members of the New York City Police Department (hereinafter "NYPD"), and maliciously prosecuted. In addition, the Defendants intentionally, willfully and maliciously assaulted, dragged and injured Plaintiff and subjected her to the intentional use of excessive force while other unidentified members of the NYPD acted with deliberate indifference in failing to intervene and protect her.

2.      Defendant City of New York (hereinafter "Defendant CITY") is liable for the individual Defendants' acts under the theory of *respondeat superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant CITY and/or the NYPD, an agency of Defendant CITY.

1

3.  As a result of the aforementioned constitutional violations, Plaintiff suffered physical, emotional, mental and psychological pain and suffering.

## JURISDICTION

4.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

5.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

6.  Plaintiff is and was at all times relevant herein a resident of the State of New Jersey.

7.  New York City Police Officers JOHN DOE and RICHARD ROE (names and number of whom are unknown at present), and other unidentified members of the NYPD, are and were at all times relevant herein officers, employees and agents of the NYPD. Officers JOHN DOE and RICHARD ROE are being sued herein in their individual capacities for their participation in the false arrest, malicious prosecution, and excessive force against Plaintiff on August 30, 2024.

8.  New York City Police Supervisors and Commanders Richard Roes 1-50 are and were at all times relevant herein involved in the false arrest and malicious prosecution of Plaintiff.

2

They are sued individually and in their official capacities for their participation in the false arrest and malicious prosecution of Plaintiff.

9. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of Defendant CITY and/or the NYPD when engaging in the conduct described herein.

10. At all times relevant herein, Defendants acted for and on behalf of Defendant CITY and/or the NYPD in furtherance of their employment by Defendant CITY, with the power and authority vested in them as officers, agents and employees of Defendant CITY and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of Defendant CITY and/or the NYPD.

11. Defendant CITY is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

12. On August 30, 2024, Plaintiff was at her mother's residence located on the Upper East Side.

13. Plaintiff had previously lived at this address with her mother and family.

14. Plaintiff works as an Executive Assistant at Career Group Companies.

15. In the late afternoon, Plaintiff was at her mother's residence. She and her mother

left the residence and went to a nearby restaurant.

16. After they left, Plaintiff looked at her cellphone and noticed that her sister had called her.

17. Plaintiff called her sister back, and her sister answered.

18. During the call, the Individual Police Defendants, who were with Plaintiff's sister, instructed Plaintiff to come to her mother's residence and informed her that she was going to be arrested. They also threatened to arrest Plaintiff at her residence, workplace or other location if she did not immediately comply.

19. Plaintiff went to the residence.

20. Without probable cause that she committed any crime, the Individual Police Defendants arrested Plaintiff and handcuffed her.

21. The Individual Police Defendants grabbed and assaulted Plaintiff and dragged her out of the building, while Plaintiff was screaming.

22. At no point did the Individual Police Defendants attempt to interview Plaintiff or interview any other witnesses.

23. After being arrested, Plaintiff was transported to a nearby precinct for processing.

24. Upon arrival at the precinct, the Individual Police Defendants removed Plaintiff from their vehicle, threw her to the ground and dragged her into the precinct.

25. Despite having no probable cause to arrest and prosecute Plaintiff, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

26. While detained at the precinct, Plaintiff was later informed that the New York County District Attorney's Office declined to prosecute the charges that she was arrested for by

the Individual Defendants, or file any charges against Plaintiff.

27. After the New York County District Attorney's Office's decision, Plaintiff was released from the Defendants' custody.

28. In September, Plaintiff sought physiotherapy treatment for the physical injuries she sustained from the Individual Defendants. She concluded treatment in November, 2024.

29. Also in September, Plaintiff engaged in individual therapy for the emotional injuries she sustained from the Individual Defendants.

30. Plaintiff continues to be in treatment for the emotional injuries she sustained from the Individual Police Defendants.

## Plaintiffs' Injuries and Damages

31. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

(1) Suffered severe emotional and mental anguish and pain;

(2) Suffered psychological injuries;

(3) Suffered physical injuries;

(4) Was denied her state and federal constitutional rights and liberties;

(5) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

(6) Incurred substantial legal fees;

(7) Continues to suffer from psychological and physical injuries, emotional and mental anguish and pain; and

(8) Incurred other items of attendant damages.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

33. The Defendants who were acting within the scope of their employment, arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## Malicious Prosecution/Fourth Amendment Rights

34. Plaintiff repeats, reiterate, and realleges each and every allegation contained in paragraphs marked 1 through 33, with the same force and effect as if more fully set forth at length herein.

35. The acts and conduct of the Defendants constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. The Defendants commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff when on the same day of her arrest, August 30, 2024, the New York County District Attorney's Office

declined to prosecute all charges brought against Plaintiff by the Defendants.

### THIRD CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The use of excessive force by the Individual Police Defendants in grabbing and dragging Plaintiff was an objectively unreasonable physical seizure of Plaintiff in violation of her rights under the Fourth Amendment of the United States Constitution.

38. The Individual Police Defendants violated Plaintiff's rights under the Fourth Amendment in acting with deliberate indifference in failing to intervene and protect Plaintiff. Defendants knew that Plaintiff was going to be subjected to a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm.

### JURY DEMAND

39. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

b. For compensatory damages in an amount to be determined;

c. For punitive damages in an amount to be determined;

d. For reasonable attorneys' fees, together with costs and disbursements, pursuant to §

        1988 and this Court's discretion;

e.      For pre-judgment interest as allowed by law; and

f.      For such other and further relief as this Court may deem just and proper.

DATED:    May 16, 2025
                New York, New York

                                        Yours, etc.

                              *Anthony Cecutti*
                              By: ANTHONY CECUTTI (AC 5867)
                                 217 Broadway, Suite 707
                                 New York, New York 10007
                                 Ph: (212) 619-3730
                                 Cell: (917) 741-1837

TO:    CITY OF NEW YORK
          c/o Corporation Counsel
          100 Church Street
          New York, New York 10007

**ATTORNEY VERIFICATION**

State of New York )
                  ) ss.:
County of New York )

ANTHONY CECUTTI, ESQ., an attorney duly admitted to practice before the courts of this district, affirms the following under penalty of perjury:

I am an attorney who represents the Plaintiff in this action. I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. The reason this verification is made by me and not by the Plaintiff is that she resides outside of New York County, the location of my offices.

_Anthony Cecutti_
ANTHONY CECUTTI, ESQ.